**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Billy S. CROW, Defendant–Appellant.**

No. 01–5490.

United States Court of Appeals,
Sixth Circuit.

April 25, 2002.

Before MARTIN, Chief Judge; COLE, Circuit Judge; and SHARP, District Judge.*

*ORDER*

In December of 2000, Billy S. Crow pleaded guilty to manufacturing five or more grams of methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On March 9, 2001, he was sentenced to eighty months of incarceration and five years of supervised release (entered 3/22/01). It is from this judgment that Crow now appeals. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the pan-

---

* The Honorable G. Kendall Sharp, United States District Judge for the Middle District of Florida, sitting by designation.

el unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The attorney who represented Crow in the district court has filed a motion to withdraw, with a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that Crow may wish to argue that the sentencing court erred by basing his offense level on an extrapolation which indicated that he had manufactured at least 12.5 grams of methamphetamine. In his response to counsel's motion, Crow primarily alleges that his sentence violated the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As discussed more fully below, these arguments are unavailing.

The rearraignment transcript indicates that Crow's guilty plea was valid and that the district court substantially complied with Fed.R.Crim.P. 11. The court determined that Crow understood his rights, the nature of the charges, and the consequences of his plea. Crow acknowledged a factual basis for his plea and indicated that his guilty plea was voluntary. In this regard, we note that Crow pleaded guilty to Count One of the indictment which specifically charged him as follows:

> The Grand Jury charges that on or about September 17, 2000, in the Eastern District of Tennessee, defendant, BILLY S. CROW, did knowingly, intentionally and without authority, manufacture five grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B).

Crow admitted that he was guilty of this charge at rearraignment. He was then advised as follows regarding the punishment for this offense:

> THE COURT: Mr. Sullivan, please advise Mr. Crow of the maximum punishment he faces for this violation.
>
> MR. SULLIVAN: Judge, based upon the amount of methamphetamine Mr. Crow manufactured, he is facing a mandatory minimum sentence of 5 years in jail and a maximum sentence of up to 40 years in jail, along with a fine that could be imposed of up to $2 million, a period of at least 4 years' supervised release, and a 100–dollar special assessment.

■ This accurately describes the statutory sentencing range that applies when a defendant, like Crow, pleads guilty to an offense that involves five or more grams of methamphetamine. *See* 21 U.S.C. § 841(b)(1)(B)(viii). The eighty-month sentence that Crow received fell below the forty-year statutory maximum and there is no indication that the sentencing court felt constrained by the five-year statutory minimum. Thus, the Supreme Court's holding in *Apprendi* was not offended by Crow's exposure to the statutory range that is set out under § 841(b)(1)(B)(viii). *See United States v. Garcia*, 252 F.3d 838, 843–44 (6th Cir.2001).

■ The presentence report indicated that Crow had a base offense level of 26, which applies when the offense involves at least five grams of actual methamphetamine or at least 50 grams of a mixture or substance containing methamphetamine. *See* USSG § 2D1.1(c)(7) & n.(A) (2000). Crow now argues that his offense level was improperly based on actual methamphetamine, rather than a mixture containing methamphetamine. Since Crow did not raise this argument at sentencing, he has forfeited it in the absence of plain error that affects his substantial rights. *See United States v. King*, 272 F.3d 366, 374–

75 (6th Cir.2001). The argument lacks merit in light of the presentence report, which provides in pertinent part as follows:

> The defendant admitted to the detectives that the items in the trailer were his, and that he was manufacturing methamphetamine. The defendant further stated that he had used 25 grams of pseudoephedrine for the cook with a 100% yield, and had manufactured 25 grams of a mixture and substance containing methamphetamine. Ephedrine is the only precursor chemical which can be used to estimate the potential yield of a methamphetamine laboratory. In theory, the ratio is 1:1 (ephedrine to methamphetamine), but 50% is usually a reasonable estimate. Since it is unlikely that the defendant's methamphetamine laboratory produced pure methamphetamine, and since there is no laboratory verification of the purity of the substance, the probation officer will use a 50% yield for guideline calculation purposes. In the instant case, 25 grams of a mixture and substance containing methamphetamine converts to approximately 12.5 grams of pure methamphetamine which will be used for guideline calculation purposes.

Crow did not object to this portion of the presentence report, and he now concedes that the probation officer's determination of a 50% yield was a fair determination that erred on the side of caution. Therefore, the district court's finding that Crow had manufactured 12.5 grams of actual methamphetamine was amply supported by the record. *See id.* at 379–80. In this regard, we note that the sentence guidelines require that the offense level for the amount of actual methamphetamine be used, if it is greater than the offense level for the mixture from which that amount was extrapolated or obtained. USSG § 2D1.1(c), n.(B) (2000).

Since plain error is not apparent from the present record, any direct challenge to Crow's sentence would be unavailing. In this regard, we note that any claim that Crow might have regarding the alleged ineffective assistance of counsel would properly be raised in a motion to vacate his sentence under 28 U.S.C. § 2255, rather than on direct appeal. *See United States v. Allison,* 59 F.3d 43, 47 (6th Cir. 1995).

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.